**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 21-4096**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

TROY LEE PORE,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00294-WO-5)

———————————

Submitted:  October 19, 2021                 Decided:  October 21, 2021

———————————

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and SHEDD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Lee Pore appeals the district court's judgment revoking his supervised release for a second time and imposing a sentence of 30 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the reasonableness of Pore's sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnote omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

We conclude that the district court did not err in imposing a 30-month sentence. The district court properly calculated Pore's policy statement range as 18 to 24 months' imprisonment, based on a Grade A violation and his criminal history category of III, U.S.

2

Sentencing Guidelines Manual § 7B1.4(a), p.s. (2018) (revocation table).  The court properly considered defense counsel's arguments, explained the selected sentence in terms of the revocation-relevant statutory factors, and imposed a sentence within the statutory maximum pursuant to 18 U.S.C. § 3583(e)(3).  Further, the district court thoroughly explained its rationale for imposing the above-policy-statement-range sentence, noting Pore's history of noncompliance, the seriousness of the violations of Pore's conditions of supervised release, and the need to protect the public.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the judgment of the district court.  This court requires that counsel inform Pore, in writing, of the right to petition the Supreme Court of the United States for further review.  If Pore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Pore.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*